NOTE: CHANGES MADE BY THE COURT

1

2

3

4

5

6

7

8

9  **UNITED STATES DISTRICT COURT**

10  **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| 12  CHARTER SCHOOL CAPITAL, <br> 13  INC., a Delaware Corporation, <br> 14  Plaintiff, <br> 15  v. <br> 16 <br> 17  CHARTER ASSET MANAGEMENT <br>  FUND, LP., a Delaware Limited <br> 18  Partnership; CHARTER ASSET <br> 19  MANAGEMENT FUND GP LLC, a <br>  Delaware Limited Liability Company; <br> 20  CHARTER ASSET MANAGEMENT, <br> 21  LLC, a California limited liability <br>  Company; PAUL IM, an individual, <br> 22  and DAVID PARK, an individual; and <br> 23  DOES 1 through 10. <br> 24  Defendants. <br> 25 | No.: 2:14-cv-03385-GW (PLAx) <br><br> **STIPULATED PROTECTIVE ORDER** |

26

27

28

[PROPOSED] STIPULATED
PROTECTIVE ORDER

1

# **TABLE OF CONTENTS**

Page

I.  RECITALS AND GOOD CAUSE STATEMENT ....................................... 1

II. MATERIAL TERMS ................................................................................ 2

1.  Scope. ............................................................................................ 2

2.  Good Faith Designations. ............................................................. 3

3.  Scope of Protected Material. ........................................................ 3

4.  Designations. ................................................................................ 3

5.  Duties. ........................................................................................... 4

6.  Definition of "Confidential." ....................................................... 4

7.  Definition of "Highly Confidential – Outside Counsels'
    Eyes Only." .................................................................................. 5

8.  Method of Designation. ................................................................ 5

9.  Access to and Use of Protected Materials. .................................. 7

10. Access to "Confidential" Material. .............................................. 7

11. Access to "Highly Confidential – Outside Counsels' Eyes
    Only" Material. ............................................................................. 9

12. Acknowledgement by Persons Accessing Protected
    Materials. ...................................................................................... 9

13. Third Party Protected Material in Possession of Parties. ............ 9

14. Production by Third Parties. ....................................................... 10

15. Pleadings and Briefs Containing Protected Material. ................ 10

16. Court Hearings and Other Proceedings. ..................................... 11

17. Testimony at Court Hearings and Other Proceedings. ............... 11

18. This Order Does Not Apply to Non-Private Information. .......... 12

19. Challenge to Designations. ......................................................... 12

20.   No Waiver by Failure to Challenge Designation. ............................. 13

21.   Inadvertent Disclosure of Protected Material. ................................. 13

22.   Disclosure to Designating Party's Personnel. ................................. 14

23.   Disclosure to Unauthorized Persons. ............................................... 14

24.   "Admissibility" of Protected Material. ............................................. 15

25.   All Objections Preserved. .................................................................. 15

26.   Inadvertent Disclosure of Privileged Information. ........................... 15

27.   Draft Expert Reports and Work Product. .......................................... 16

28.   Meet and Confer. ................................................................................ 16

29.   Injunctive Relief. ............................................................................... 16

30.   Other Actions. ..................................................................................... 17

31.   Survival and Final Disposition of Designated Material. .................. 17

32.   Amendment or Termination of Protective Order. ............................. 18

33.   Jurisdiction for Enforcement. ............................................................. 18

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

[PROPOSED] STIPULATED
PROTECTIVE ORDER

# [PROPOSED] STIPULATED PROTECTIVE ORDER

## I.    RECITALS AND GOOD CAUSE STATEMENT

A.     Plaintiff Charter School Capital, Inc. ("CSC" or "Plaintiff") and Defendants Paul Im, David Park, Charter Asset Management Fund, LP., Charter Asset Management Fund GP LLC, and Charter Asset Management, LLC (collectively "Defendants"), in the above-captioned action titled and numbered *Charter School Capital, Inc. v. Charter Asset Management Fund, LP. et al.*, Case No. 2:14-cv-03385-GHW (PLAx) ("Litigation" or "Action"), contemplate that discovery of documents and other information in the Litigation may involve the production of documents and other information a party may reasonably believe in good faith to be protected from public disclosure and/or disclosure to a competitor under Rule 26(c) of the Federal Rules of Civil Procedure.

B.     Plaintiff and Defendants (each referred to individually as a "Party," and collectively as "Parties") stipulate to and petition the Court to enter this [Proposed] Stipulated Protective Order ("Order") to facilitate the discovery process by protecting against the unauthorized disclosure of confidential materials.

C.     The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery but that the protection it affords only extends to documents and other information or items that are either entitled to confidential treatment under applicable legal principles or, if not entitled to confidential treatment, are subject to the Parties' agreement to treat such information or items as "Confidential" or "Highly Confidential – Outside Counsels' Eyes Only," as those terms are defined herein.

D.     The Parties believe good cause exists for entering this Stipulated Protective Order because it seeks to protect the confidentiality of information that a Party (or non-party witness ("Third Parties" or singularly, "Third Party")) asserts in objective good faith belief is not generally available to the public and/or competitors, the disclosure of which may cause harm to the Party or Third Party.

This Action concerns alleged claims of copyright infringement against Defendants. The Parties anticipate that discovery necessarily will involve the exchange of information in which one or more Parties or Third Parties assert an interest in confidentiality.  For instance, discovery in this Action is likely to involve disclosure of non-public financial information, marketing or business strategies, and other kinds of competitive, commercially sensitive, or proprietary information between business competitors.

## II.     MATERIAL TERMS

The Parties agree, by and through their undersigned counsel, to the following terms and conditions that will govern their disclosures and production of documents and other information that a Party in objective good faith deems to be confidential, and further jointly request that the Court enter this Stipulated Protective Order (hereafter "Protective Order" or "Order").

### 1.     Scope.

The following terms, conditions, procedures, and restrictions govern with respect to documents, electronic data, graphics, and any other forms of information already produced or voluntarily exchanged, or to be produced or voluntarily exchanged, in the Litigation by any Party or Third Party, including any "writing," "recording," "photograph," "original," or "duplicate" (as those terms are defined in Rule 1001 of the Federal Rules of Evidence); all discovery contemplated by Rules 26-36 of Federal Rules of Civil Procedure, including initial disclosures, responses to all written discovery requests and demands, deposition testimony, and exhibits, however recorded; and any other written, recorded, or graphic matters produced by a Party ("Produced Material").  Produced Material that is designated, in accordance with this Protective Order, as "Confidential" or "Highly Confidential – Outside Counsels' Eyes Only" shall be referred to as "Protected Material" within the meaning of this Protective Order.

### 2.     Good Faith Designations.

Each Party agrees that designation of Protected Material and responses to requests to permit further disclosure of Protected Material shall be made in objective good faith and not to impose burden or delay on an opposing Party. Further, each Party agrees to make best efforts to avoid, except to the extent necessary for purposes of this Litigation, inclusion of Protected Material in briefs and other captioned documents filed in court, in order to minimize sealing and designating such briefs and other captioned documents as Protected Material.

### 3.     Scope of Protected Material.

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, any other confidentiality agreement, or other legal restriction or obligation of confidentiality, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

### 4.     Designations.

It shall be the duty of the Party producing any Protected Material ("Producing Party") to give notice that such Protected Material is covered by this Protective Order in the manner set forth in paragraph 8 below.  A Party – including

[PROPOSED] STIPULATED
PROTECTIVE ORDER

the Party or Parties receiving the Protected Material ("Receiving Party") or a Third Party – with an interest, other than the Producing Party, in the confidentiality of the Produced Material, either before or after production, may also give notice that the material is Protected Material covered by this Protective Order and should be designated in the manner set forth in paragraph 8 below (collectively with Producing Party, the "Designating Party").

## 5.    Duties.

The duty of the Receiving Party and of all other persons bound by this Protective Order to maintain the confidentiality of Protected Material in accordance with this Protective Order shall commence with notice of a designation made in accordance with paragraphs 4 and 8.  Protected Material shall be designated by Designating Party, subject to the provisions of this Order, with one of the following designations:

a.    "Confidential"; or

b.    "Highly Confidential – Outside Counsels' Eyes Only."

No person subject to this Protective Order may disclose, in public or private, any Protected Material designated by a Party or Third Party other than itself as "Confidential" or "Highly Confidential – Outside Counsels' Eyes Only," except as provided for in this Protective Order or as further ordered by the Court.

## 6.    Definition of "Confidential."

Protected Material may be designated as "Confidential" if the Designating Party believes in objective good faith that such material constitutes or discloses or relates to non-public information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

**7.     Definition of "Highly Confidential – Outside Counsels' Eyes Only."**

"Highly Confidential – Outside Counsels' Eyes Only" is extremely sensitive "Confidential" information or items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

**8.     Method of Designation.**

Any Produced Material that the Designating Party in good faith wishes to designate as Protected Material must be labeled with the legend "Confidential" or "Highly Confidential – Outside Counsels' Eyes Only," as appropriate, at the time the material, or a copy thereof, is provided to the Receiving Party, or at any time thereafter.  In the case of material contained in or on media other than paper, the Producing Party shall affix such a label to the material or use its best efforts to identify the material as Protected Material.  With respect to material produced by another Party, a Designating Party may give notice to all other Parties in the Action, in writing, that the material is Protected Material covered by this Protective Order.

A Party or Third Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY") to each page that contains Protected

Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

For testimony given in deposition or in other pretrial or trial proceedings, the witness under deposition or his or her counsel shall invoke the provisions of this Stipulated Protective Order within twenty-one (21) days of receipt of the deposition transcript and designate the portions of the testimony to be protected and the level of restriction.  Only those portions of the testimony that are appropriately designated for protection within the twenty-one (21) day period after receipt of the deposition transcript shall be covered by the provisions of this Order.  Alternatively, a Designating Party may specify, at the deposition, or up to twenty-one (21) days after receipt of the deposition transcript, if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Until the expiration of the twenty-one (21) day period for

1  designation after receipt of the deposition transcript, the transcript shall be treated

2  as if it had been designated "HIGHLY CONFIDENTIAL – OUTSIDE

3  COUNSELS' EYES ONLY" in its entirety unless otherwise agreed.  After the

4  expiration of that period, the transcript shall be treated only as actually designated.

5        For information produced in some form other than documentary and for any

6  other tangible items, the Producing Party must affix in a prominent place on the

7  exterior of the container or containers in which the information or item is stored

8  the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE

9  COUNSELS' EYES ONLY."  If only a portion or portions of the information or

10  item warrant protection, the Producing Party, to the extent practicable, shall

11  identify the protected portion(s) and specify the level of protection being asserted.

12        **9.      Access to and Use of Protected Materials.**

13        A Receiving Party may use Protected Material that is disclosed or produced

14  by another Party or by a Third Party in connection with this Litigation only for

15  prosecuting, defending, or attempting to settle this Litigation.

16        Such Protected Material may be disclosed only to the categories of persons

17  and under the conditions described in this Order.  Protected Material shall not be

18  used by anyone subject to the terms of this Protective Order for any business,

19  commercial, or competitive purpose.  The Parties agree this Court or any Court

20  with jurisdiction over the unauthorized disclosure may enforce this use restriction.

21        When the Litigation has been terminated, a Receiving Party must comply

22  with the provisions of section 31 below (Survival and Final Disposition of

23  Designated Material).  Protected Material must be stored and maintained by a

24  Receiving Party at a location and in a secure manner that ensures that access is

25  limited to the persons authorized under this Order.

26        **10.     Access to "Confidential" Material.**

27        Only the following persons shall have access to or retain material designated

28  as "Confidential" pursuant to paragraph 8 of this Order:

1         a.     The Court and its official personnel;

2         b.     Outside Counsel for a Party.  For the purposes of this Protective

3    Order, "Outside Counsel" means attorneys for the law firms retained by the Parties

4    for this Action, including paralegals, office clerks, secretaries, and other support

5    staff assisting those attorneys, working on the Action;

6         c.     Outside experts and consultants retained by the Receiving

7    Party's Outside Counsel to assist in this litigation (and the experts' or consultants'

8    staff whose duties and responsibilities require access to such materials) and agree,

9    in writing, to be bound by this Protective Order by executing the

10   "Acknowledgment and Agreement to be Bound" attached as Exhibit A;

11        d.     Court reporters and translators who agree, in writing, to be

12   bound by this Protective Order by executing an acknowledgment in the form of

13   Exhibit A;

14        e.     Outside litigation support personnel retained by Outside

15   Counsel to assist in the preparation and/or litigation of the Action, including

16   contract attorneys or outside copying service vendors or electronic document

17   management vendors who agree, in writing, to be bound by this Protective Order

18   by executing an acknowledgment in the form of Exhibit A;

19        f.     Any person who was involved in the preparation of such

20   material, or who has otherwise been authorized by the Designating Party to view

21   the Protected Material and agrees, in writing, to be bound by this Protective Order

22   by executing an acknowledgment in the form of Exhibit A;

23        g.     The Parties and the employees, officers, directors, and

24   executives of the Parties to this Action, including the Parties' inside counsel; and

25        h.     Persons whom the Designating Party agrees in writing or on the

26   record at a deposition may be shown "Confidential" material, and who agree, in

27   writing, to be bound by this Protective Order by executing an acknowledgment in

28   the form of Exhibit A.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**11.     Access to "Highly Confidential – Outside Counsels' Eyes Only" Material.**

Only the following persons shall have access to or retain material designated as "Highly Confidential – Attorneys' Eyes Only" pursuant to paragraph 8 of this Order:

a.     Persons listed in paragraph 10(a), (b), (c), (d), (e), and (f); and

b.     Persons whom the Designating Party, if applicable, agrees in writing or on the record at a deposition may be shown "Highly Confidential – Outside Counsels' Eyes Only" material, and who agree, in writing, to be bound by this Protective Order by executing an acknowledgment in the form of Exhibit A.

**12.     Acknowledgement by Persons Accessing Protected Materials.**

The "Acknowledgment and Agreement to be Bound" (Exhibit A) executed by the required individuals shall be maintained in the files of the counsel allowing access by such person to the "Confidential" or "Highly Confidential – Outside Counsels' Eyes Only" material.  Individuals identified in paragraphs 10(c), (d), (e), (f), (h), and 11(b) who fail to execute the acknowledgement shall not be permitted to view the Protected Material.

**13.     Third Party Protected Material in Possession of Parties.**

During the course of this Action, a Party may be requested to produce to another Party documents and other information that is subject to contractual or other obligations of confidentiality owed to a Third Party by the Party receiving the request.  The Party subject to such contractual or other obligation of confidentiality shall timely contact the Third Party to determine whether such Third Party is willing to permit disclosure of the confidential documents, things, or information under the terms of this Protective Order and shall inform the Third Party of the contents of this Protective Order and specifically of this paragraph.  If the Third Party consents to the disclosure of the subject material to the requesting Party, the documents, things, or information shall be produced in accordance with this Order.

1    If the Third Party does not consent to the disclosure of the confidential documents,

2    things, or information under the terms of this Protective Order, the Party subject to

3    such contractual or other obligation of confidentiality shall promptly notify the

4    demanding Party in writing of the Third Party's refusal to consent.  Unless the

5    Party subject to such contractual or other obligation of confidentiality moves for a

6    protective order under Rule 26(c) of the Federal Rules of Civil Procedure, such

7    Party shall also provide the demanding Party (a) a copy of any document imposing

8    the contractual or other obligation of confidentiality, so long as that document is

9    not itself subject to a contractual or other obligation of confidentiality, (b) a log of

10   the categories of documents, things, or information being withheld, and (c) the

11   Third Party's name and contact information such that the demanding Party may

12   subpoena documents directly from the Third Party.

13           **14.     Production by Third Parties.**

14           If documents, things, or information are requested from a Third Party and

15   such Third Party claims that certain of the documents, things, or information

16   requested are confidential or proprietary to such Third Party or contain information

17   that is protected from public disclosure by a person's right to privacy, such Third

18   Party may, if it desires, adopt the benefits and burdens of this Order as it applies to

19   Parties in this case by agreeing to be bound by the terms of this Order.

20           **15.     Pleadings and Briefs Containing Protected Material.**

21           The Parties may request that the Court permit filing of any material

22   designated "Confidential" or "Highly Confidential – Outside Counsels' Eyes

23   Only," pursuant to paragraph 8 above, under seal and that such Protected Material

24   be made available only to the Court and to persons authorized by the terms of this

25   Protective Order.  The Party filing any paper that contains, summarizes, or reflects

26   any such Protected Material shall request that the material be filed under seal

27   pursuant to the procedures set forth in Central District of California Local Civil

28   Rule 79-5.1.  The request that the material be filed under seal shall be directed to

1   the judge to whom the papers are directed **and must show good cause for the**

2   **under seal filing**.  Pending the ruling on the request that the material be filed

3   under seal, the papers or portions thereof subject to the sealing request shall be

4   lodged under seal.

5         **16.   Court Hearings and Other Proceedings.**

6         Nothing contained in this Protective Order shall be construed to prejudice

7   any Party's right to use before the Court any "Confidential" or "Highly

8   Confidential – Outside Counsels' Eyes Only" Protected Material.  However, before

9   doing so, to the extent not otherwise authorized to be so used hereunder, the Party

10  intending to use "Confidential" or "Highly Confidential – Outside Counsels' Eyes

11  Only" Protected Material shall so inform the Court and all other Parties or affected

12  Third Parties (*i.e.*, Third Parties whose Protected Material would be used before

13  the Court) with enough time to reasonably allow any Party or affected Third Party

14  to apply to the Court for appropriate protection, including clearing the hearing

15  room or courtroom of persons not entitled to receive "Confidential" or "Highly

16  Confidential – Outside Counsels' Eyes Only" Protected Material pursuant to

17  paragraphs 10 and 11.  "Confidential" or "Highly Confidential – Outside Counsels'

18  Eyes Only" Protected Material shall not be publicly presented to the Court before

19  giving a Party or Third Party opposing public disclosure a reasonable opportunity

20  to be heard by the Court on the proposed public disclosures, unless the material is

21  filed under seal or otherwise protected from public disclosure.

22        **17.   Testimony at Court Hearings and Other Proceedings.**

23        All testimony elicited during hearings and other proceedings that counsel for

24  a Party or Third Party indicates on the record may be subject to the protections of

25  this Order shall be deemed "Highly Confidential – Outside Counsels' Eyes Only"

26  until the expiration of twenty-one (21) days after delivery of a copy of the

27  transcript of the testimony by the court reporter to counsel who requested a copy of

28  the transcript.  Within the twenty-one (21) day period following such mailing of

1   the transcript, any Party may move to seal the transcript under Local Civil Rule 79-

2   5.1, designating all or any portion of the testimony as "Confidential" or "Highly

3   Confidential – Outside Counsels' Eyes Only."  Upon being informed that certain

4   portions of a transcript are designated as "Confidential" or "Highly Confidential –

5   Outside Counsels' Eyes Only" each Party must have each copy in their custody,

6   possession, or control immediately marked with the appropriate designation at the

7   appropriate pages.  Such designation must remain until the Court rules on the

8   motion to seal.

9       **18.    This Order Does Not Apply to Non-Private Information.**

10          The restrictions set forth in this Protective Order shall not apply to

11   documents, things, or information that the Parties agree, or that the Court rules:

12              a.    Have become public knowledge in a manner other than through

13   a violation of this Order; or

14              b.    Have been independently obtained by the non-Designating

15   Party from sources that suggest the documents, things, or information are not

16   confidential, as evidenced by written documentation.

17      **19.    Challenge to Designations.**

18          If a Receiving Party seeks removal of protection for particular items

19   designated as Protected Material on the ground that such protection is not

20   warranted under controlling law or the Protective Order, the following procedure

21   shall be used:

22              a.    The Receiving Party seeking such removal shall give counsel of

23   record for the Designating Party notice thereof in writing, by facsimile, email, or

24   overnight courier, specifying the documents and/or other information for which

25   such removal is sought and the reasons for the request.  The Designating Party

26   shall have fourteen (14) business days after receiving that notification within which

27   to object to the removal of protection afforded by this Protective Order.  Any such

28   objection shall be made in writing (by facsimile, email, or overnight courier).

b.     If the Designating Party objects to the removal of the protection afforded by this Protective Order and the Receiving Party intends to submit the dispute to the Court for a ruling, the Receiving Party shall request to meet-and-confer with the Designating Party.  Local Civil Rule 37-1 shall govern the meet-and-confer process.

c.     If the Parties, or the Party and Third Party, cannot reach agreement concerning the matter, the Receiving Party seeking such removal may submit to the Court for ruling a noticed motion to be relieved entirely or in part from the provisions of this Protective Order.  The noticed motion shall be made in accordance with Local Civil Rule 37, and the burden of persuasion in any such challenge proceeding shall be on the Designating Party.  The Protected Material shall continue to be treated in accordance with the original designation until the issue is resolved by Order of this Court or by agreement of the Parties, or the Party and Third Party.

**20.     No Waiver by Failure to Challenge Designation.**

For purposes of the Action or any other action, no Party concedes that any Protected Material designated by any other person does in fact contain or reflect proprietary or confidential information.  A Party shall not be obligated to challenge the propriety of the designation of Protected Material at the time made, and failure to do so shall not preclude a subsequent challenge.

**21.     Inadvertent Disclosure of Protected Material.**

The failure by a Designating Party to designate specific documents or materials as Protected Material shall not, by itself, be deemed a waiver in whole or in part of a claim of confidentiality as to such documents or materials.  Upon written notice to the Receiving Party of such failure to designate, or of incorrect designation, the Receiving Party shall cooperate to retrieve disseminated copies, and restore the confidentiality of the inadvertently disclosed information beyond those persons authorized to review such information pursuant to paragraphs 10 and

1  11, and shall thereafter take reasonable steps to ensure that the Protected Material

2  is treated in accordance with the designation.  No person or Party shall incur any

3  liability under this Protective Order with respect to disclosure that occurred prior to

4  the receipt of written notice of the mistaken designation.

5  **22.   Disclosure to Designating Party's Personnel.**

6  Nothing in this Protective Order shall affect the right of the Designating Party

7  to disclose to its officers, directors, employees, consultants, or experts, any

8  documents, things, or information designated by it as Protected Material; such

9  disclosure shall not waive the protection of this Protective Order and shall not entitle

10  other Parties or their attorneys to disclose such information, documents, things, or

11  information in violation of this Order.

12  **23.   Disclosure to Unauthorized Persons.**

13  If information subject to this Protective Order is disclosed to any

14  unauthorized person either through inadvertence, mistake, or otherwise without

15  authorization by the Designating Party, or other than in the manner authorized by

16  this Protective Order, the person responsible for the disclosure shall immediately

17  (a) inform the Designating Party of all pertinent facts relating to such disclosure,

18  including without limitation, the name, address, and telephone number of the

19  recipient and his or her employer; (b) use his or her best efforts to retrieve the

20  disclosed information and all copies thereof; (c) advise the recipient of the

21  improperly disclosed information, in writing, of the terms of this Protective Order;

22  (d) make his or her best efforts to require the recipient to execute an agreement to

23  be bound by the terms of this Protective Order in the form of the declaration

24  attached to this Protective Order as Exhibit A; and (e) take all other reasonable

25  steps to prevent further disclosure by or to the unauthorized person who received

26  the Protected Material.

27

28

1  **24.   "Admissibility" of Protected Material.**

2       This Protective Order shall not constitute a waiver of any Party's or Third-

3  Party's right to object to the admissibility into evidence of any Protected Material

4  as provided under applicable law.

5  **25.   All Objections Preserved.**

6       This Protective Order is intended to provide a mechanism for handling the

7  disclosure or production of confidential information to which there is no objection

8  other than confidentiality.  The protection afforded by this Order shall in no way

9  affect a Producing Party's right to withhold documents as:  (a) privileged under the

10  attorney-client or other privilege, (b) protected by the work product doctrine, or

11  (c) otherwise exempted from discovery under Rule 26 of the Federal Rules of Civil

12  Procedure.  Additionally, this Protective Order shall not prejudice the right of a

13  Party to:  (a) seek additional protective treatment for any such information it

14  considers to be very highly sensitive and that the protections in this Protective

15  Order would be insufficient, (b) object to the designation of any document or

16  information as "Confidential" or "Highly Confidential – Outside Counsels' Eyes

17  Only," or (c) seek any modification of or relief from any provision of this

18  Protective Order, either generally or as to any particular Protected Material, by

19  properly noticed motion with notice to all Parties and their respective counsel.

20  **26.   Inadvertent Disclosure of Privileged Information.**

21       If, in connection with the Action, a Producing Party inadvertently discloses

22  information subject to a claim of attorney-client privilege or attorney-work product

23  protection ("Inadvertently Disclosed Information"), the disclosure of the

24  Inadvertently Disclosed Information will not constitute or be deemed a waiver or

25  forfeiture of any claim of privilege or work product protection that the Producing

26  Party would otherwise be entitled to assert with respect to the Inadvertently

27  Disclosed Information and its subject matter.

28

27.     **Draft Expert Reports and Work Product.**

The provisions of Federal Rule of Civil Procedure 26(b)(4)(B) and (C) that took effect on December 1, 2010, shall govern this Litigation.

28.     **Meet and Confer.**

Except for motions for a Temporary Restraining Order or Injunctive Relief under paragraph 29, prior to filing any motion or application before the Court to enforce this Protective Order, the moving party shall notify the other Party(ies) in writing and meet and confer in good faith in an attempt to resolve their dispute(s). Local Civil Rule 37-1 shall govern the meet-and-confer process.

29.     **Injunctive Relief.**

In the event anyone violates or threatens to violate any of the terms of this Protective Order, the Parties and Third Parties agree that the aggrieved party may apply to the Court to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order, without obtaining a bond or other undertaking for such relief.  In the event the aggrieved party brings such motion or application, the responding person subject to the provisions of this Protective Order shall not employ as a defense the claim that the aggrieved party possesses an adequate remedy at law.  The Parties and Third Parties shall not use or reveal, directly or indirectly, any information in violation of this Protective Order.  Because of the confidential and proprietary nature of the information contemplated to be covered by this Protective Order, the Parties and Third Parties agree that legal remedies are inadequate.  Therefore, the Parties and Third Parties stipulate that injunctive relief is an appropriate remedy to prevent any person from using or disclosing Protected Material in violation of this Protective Order.  The Parties and Third Parties waive and release any and all requirements for a bond or undertaking to support any injunctive relief for enforcement of this Protective Order.

**30.    Other Actions.**

If any Party is (a) subpoenaed in another action, (b) served with a demand in another action to which it is a Party, or (c) served with any legal process by one not a party to this action, seeking information or material which was produced or designated as "Confidential" or "Highly Confidential – Outside Counsels' Eyes Only" by someone other than that Party, the Party shall give prompt actual written notice, by email or facsimile transmission, to those who produced and/or designated the Protected Material as "Confidential" or "Highly Confidential – Outside Counsels' Eyes Only" prior to compliance with the subpoena to allow the Producing and/or Designating Parties reasonable time to seek protection from the relevant court(s).  Nothing in this Protective Order shall be construed as requiring the Party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

**31.    Survival and Final Disposition of Designated Material.**

Final termination of the Litigation, including exhaustion of appellate remedies, shall not terminate the limitations on use and disclosure imposed by the Protective Order.  Upon final termination of the litigation by final judgment (whether by settlement, trial, or otherwise), including the time for filing and resolution of all appeals, or within such other period as the Parties may agree upon, and upon written request of the producing Party, all Protected Material and copies of Protected Material, including such material in the hands of outside experts or consultants, shall be delivered to counsel of record for the Producing Party of such material.  In the absence of any such written request, any Protected Material shall be destroyed within sixty (60) calendar days of final termination of the Litigation. In the event of destruction or return of Protected Material, the Party in possession of Protected Material other than the Parties' own Protected Material shall promptly

1   (and within sixty (60) calendar days of final termination of the Litigation) advise

2   and certify in writing to the Designating and Producing Parties that all such

3   Protected Material and any hard or electronic copy has been returned or destroyed.

4   Any Protected Material filed or lodged with and retained by the Court shall not be

5   subject to the provisions of this paragraph.  Notwithstanding the foregoing, outside

6   counsel of record may retain copies of briefs and other papers filed with the Court,

7   deposition transcripts, discovery responses, attorney work product,

8   communications, and client files that contain or constitute Protected Material, so

9   long as such briefs and other papers are maintained in accordance with the

10  provisions of the Protective Order.

11      **32.    Amendment or Termination of Protective Order.**

12      No part of the restrictions imposed by this Protective Order may be

13  terminated except by written stipulation executed by counsel of record for each

14  Producing Party or by an Order of this Court for good cause shown.  The terms of

15  this Protective Order shall survive termination of the Action.

16      **33.    Jurisdiction for Enforcement.**

17      The Court retains jurisdiction subsequent to settlement or entry of judgment

18  to enforce the terms of this Protective Order.  Each person to whom disclosure of

19  any Protected Information is made agrees to subject itself, himself, or herself to the

20  jurisdiction of the Court in which this action is pending for the purpose of

21  proceedings relating to the performance under, compliance with, or violation of

22  this Protective Order.

23      **IT IS SO STIPULATED.**

24

25

26

27

28

1    *Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), the filing attorney attests that*

2    *all other signatories listed, and on whose behalf the filing is submitted, concur in*

3    *the filing's content and have authorized the filing.*

4

5    Dated:  October 28, 2014                    LATHAM & WATKINS LLP

6

7                                            By:   /s/ James H. Moon
                                                  _____
8                                                 James H. Moon
                                                  *Attorneys for Plaintiff*
9                                                 *Charter School Capital, Inc.*

10   Dated:  October 28, 2014                    MOBILITY LEGAL P.C.

11

12                                           By:   /s/ David R. Burtt
                                                  _____
                                                  David R. Burtt
13                                                *Attorney for Defendants*
                                                  *Charter Asset Management Fund, LP.,*
14                                                *Charter Asset Management GP LLC,*
                                                  *Charter Asset Management, LLC,*
15                                                *David Park, and Paul Im*

16   Dated:  October 28, 2014                    COASTSIDE LEGAL

17

18                                           By:   /s/ Kenneth B. Wilson
                                                  _____
19                                                Kenneth B. Wilson
                                                  *Attorney for Defendants*
20                                                *Charter Asset Management Fund, LP.,*
                                                  *Charter Asset Management GP LLC,*
21                                                *Charter Asset Management, LLC,*
                                                  *David Park, and Paul Im*

22

23

24

25

26

27

28

**<u>ORDER</u>**

For good cause shown, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, all discovery and other materials exchanged by the Parties or Third Parties, or filed with the Court, in *Charter School Capital, Inc. v. Charter Asset Management Fund, LP. et al.*, Case No. 2:14-cv-03385-GW-PLA, shall be provided subject to the conditions set forth in the foregoing Stipulated Protective Order.

**IT IS SO ORDERED.**

Date: October 29, 2014

_____
Hon. Paul L. Abrams
United States Magistrate Judge

# **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE**
## **BOUND BY PROTECTIVE ORDER**

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Amended Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Charter School Capital, Inc. v. Charter Asset Management Fund, L.P., et al.*, Case No. 2:14-cv-03385-GW-PLA.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt of court. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Executed on _____ at _____.

Signature: _____