

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Charter School Capital, Inc. | No. CV 14-3385-GW(PLAx) |
| Plaintiff, | **FINAL JURY INSTRUCTIONS** |
| v. | |
| Charter Asset Management Fund, LLC, et al.,, | |
| Defendant. | |

**Final Jury Instructions**

## I. Introduction

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case. Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

Plaintiff Charter School Capital, Inc. has brought a single claim of copyright infringement against Defendants Charter Asset Management Fund, LP, Charter Asset Management Fund GP, LLC, Charter Asset Management, LLC, and individuals Paul Im and David Park. Plaintiff asserts that Defendants violated the U.S. Copyright Act by using without permission a form of legal contract called a "Receivables Purchase Agreement."

Plaintiff has the burden of proving its claim and any resulting damages by a "preponderance of the evidence."

Defendants deny the allegations made by Plaintiff. They deny that they violated Plaintiff's copyright or caused Plaintiff any injury.

Defendants also assert the affirmative defense of merger which will be defined below. The Defendants have the burden of proof on that defense.

When a party has the burden of proving any claim or defense by a "preponderance of the evidence," it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

You should decide the case as to each Defendant separately. Unless otherwise stated, the instructions apply to all parties.

The evidence you are to consider in deciding what the facts are consists of:
   1. the sworn testimony of any witness;
   2. the exhibits that are admitted into evidence;
   3. any facts to which the lawyers have agreed; and
   4. any facts that I have instructed you to accept as proved.

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

    1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of the evidence controls.

    2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

    3. Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

    4. Anything you have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

As I have previously instructed you, there are rules of evidence that control what can be received into evidence. When I have made rulings on the evidence, you must follow my rulings. For example, if I ordered a witness's answer to a question to be stricken, you must not consider that answer in reaching your verdict.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:
    1. the opportunity and ability of the witness to see or hear or know the things testified to;
    2. the witness's memory;
    3. the witness's manner while testifying;
    4. the witness's interest in the outcome of the case, if any;
    5. the witness's bias or prejudice, if any;
    6. whether other evidence contradicted the witness's testimony;
    7. the reasonableness of the witness's testimony in light of all the evidence; and
    8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

During deliberations you will not have a transcript of the trial testimony.

You were given notebooks at the start of the trial. If you took notes, please keep them to yourself until you go to the jury room to decide the case. When you leave, your notes should be left in the jury room. No one will read your notes.

Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

The parties have agreed to certain facts which have been placed in evidence as Exhibit 1000. You must therefore treat those facts as having been proved.

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

During the course of the trial, deposition testimony was read to you and a video recording of a deposition was shown to you. Insofar as possible, you should consider deposition testimony presented to you in the same way as if the witness had so testified in court.

The evidence that a witness has lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

During the trial, the Court has allowed questions to be asked by jurors. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

## II. Parties and Agency

All parties are equal before the law; and a corporation, limited liability company, or a partnership is entitled to the same fair and conscientious consideration by you as any other party.

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

A partnership is an association of two or more persons to carry on a business as co-owners. The members of a partnership are called "partners."
A partnership is considered to be a person. It can only act through its employees, agents, or partners. Therefore, a partnership is responsible for the acts of its employees, agents, and partners performed within the scope of authority.

For purposes of this case, a limited liability company or "LLC" is a business entity that is like a combination of a corporation and a partnership. It is considered to be a person; can only act through its employees, agents, or partners; and is responsible for the acts of its employees, agents, and partners performed within the scope of authority.

## III. Copyright Claim

### A. Copyright Infringement Generally

Plaintiff claims ownership of a copyright and seeks damages against Defendants for copyright infringement. The Defendants deny infringing the copyright and assert an affirmative defense of merger. To help you understand those concepts in this case, I will explain some of the legal terms for you.

*Definition of Copyright*
The owner of a copyright has the right to exclude any other person from reproducing, distributing, performing, displaying or preparing derivative works from the work covered by the copyright for a specific period of time.
A copyrighted work can be a literary work, musical work, dramatic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, or computer program.
Facts, ideas, procedures, processes, methods of operation, concepts, principles, or discoveries cannot themselves be copyrighted.

The copyrighted work must be original. An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

*Copyright Interests*

A copyright owner may transfer, sell or convey to another person all or part of the owner's property interest in the copyright, that is, the right to exclude others from reproducing, distributing, performing, displaying or preparing derivative works from the copyrighted work. To be valid, the transfer, sale or conveyance must be in writing and signed by the transferor. The person to whom a right is transferred is called an "assignee."

*How a Copyright Is Obtained*

A copyright automatically attaches to a work the moment the work is fixed in any tangible medium of expression, for example when an author writes a poem on a piece of paper or records the poem on a tape cassette.

The owner of the copyright (for example, the author of the poem) may register the copyright by completing a registration form and depositing a copy of the copyrighted work (for example a photocopy of the poem) with the Copyright Office. After determining that the material deposited constitutes copyrightable subject matter and that certain legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.

*Plaintiff's Burden of Proof*

In this case, Plaintiff contends that the Defendants have infringed its copyright in legal documents referred to as the "Receivables Purchase Agreement." Plaintiff has the burden of proving by a preponderance of the evidence that it is the owner of the copyright in that document and that the Defendant copied original expression from that work.

Plaintiff must also prove that the Defendant's use of the copyrighted work was not insignificant. In determining whether a Defendant's use of the copyrighted work was not insignificant, you may consider how important the copied portion was to the copyrighted work as a whole.

*Proof of Copying*

To prove that a defendant copied the plaintiff's work, the plaintiff may show that the defendant had access to the plaintiff's copyrighted work and that there are substantial similarities between the defendant's work and the protected portions of plaintiff's copyrighted work.

*Liability for Infringement*

One who reproduces, publicly distributes or prepares derivative works from a copyrighted work without authority from the copyright owner during the term of the copyright infringes the copyright.

Copyright may also be infringed by vicariously or contributorily infringing conduct.

*Vicarious or Contributory Infringement*

A person is liable for copyright infringement by another if the person has profited directly from the infringing activity and had the right and ability to supervise or control the infringing activity, whether or not the person knew of the infringement.

A person is liable for copyright infringement by another if the person knows or should have known of the infringing activity and induces or materially contributes to the activity.

*Affirmative Defense to Copyright Infringement in This Case*

Defendants raise "merger" as an affirmative defense to Plaintiff's claim of copyright infringement. There is no copyright infringement when, under the "merger" theory, a defendant only copies an idea embodied in the copyrighted work and not the expression of the idea.

### B. The Copyright Claim and Alleged Infringement Herein

Copyright is the exclusive right to copy. This right includes the exclusive right to:
(1) reproduce the copyrighted work in copies;
(2) transform or adapt the work, that is prepare derivative works based upon the copyrighted work; and/or
(3) distribute copies of the copyrighted work to the public.

It is the owner of a copyright who may exercise these exclusive rights. The term "owner" includes the author of the work or an assignee. In general, copyright law protects against reproduction or adaptation of identical or substantially similar copies of the owner's copyrighted work without the owner's permission. An owner may enforce these rights to exclude others in an action for copyright infringement.

The item that is involved in this case – the "Receivables Purchase Agreement" – is known as a "literary work" in which words, numbers or other verbal or numerical symbols are expressed.

You are instructed that a copyright may be obtained in the Receivables Purchase Agreement.

This work can be protected by copyright law. Only that part of the work consisting of original works of authorship fixed in any tangible form of expression from which it can be perceived, reproduced, or otherwise communicated is protected by the Copyright Act.

The term "literary work" does not connote or require any criterion of literary merit or qualitative value: it includes catalogs, directories and similar factual, reference, or instructional works and compilations of data.

However, copyright protection for an original work of authorship does not extend to any idea, procedure, process, method of operation, concept and/or principle, regardless of the form in which it is described, explained, illustrated, or embodied.

Copyright law allows the author of an original work to stop others from copying the original expression in the author's work. Only the particular expression of an idea can be copyrighted and protected. Copyright law does not give the author the right to prevent others from copying or using the underlying ideas contained in the work, such as any procedures, processes, methods of operation, concepts, and/or principles. In order to protect any ideas in the work from being copied,

the author must secure some other form of legal protection (for example, a patent) because ideas cannot be copyrighted.

Anyone who copies original expression from a copyrighted work during the term of the copyright without the owner's permission infringes the copyright. On Plaintiff's copyright infringement claim, the Plaintiff has the burden of proving by a preponderance of the evidence that:
(1) Plaintiff is the owner of a valid copyright; and
(2) the Defendant directly or indirectly copied original expression from the copyrighted work.

If you find that Plaintiff has proved both of these elements as to a Defendant, your verdict should be for the Plaintiff and against that Defendant (unless you find that the Defendant established the affirmative defense which is discussed below). If, on the other hand, you find that the Plaintiff has failed to prove either of the above two elements, your verdict should be for that Defendant.

Plaintiff is the owner of a valid copyright in the "Receivables Purchase Agreement" if the Plaintiff proves by a preponderance of the evidence that:
(1) Plaintiff's work is original; and
(2) Plaintiff is the author or creator of the work, or received a transfer of the copyright.

A person who holds a copyright may obtain a certificate of registration from the Copyright Office.

The evidence in this case includes Exhibits 177 and 178 which are certificates of copyright registration from the Copyright Office. If you find that either of these certificates was made within five years after first publication of the Plaintiff's work, you may consider the certificate as evidence of the facts stated in the certificate. From the certificate you may, but need not, conclude that Plaintiff's document is the original and copyrightable work of the author and that the Plaintiff owns the copyright in that work.

The creator of an original work is called the author of that work. An author originates or "masterminds" the original work, controlling the whole work's creation and causing it to come into being. Others may help or may make valuable or creative contributions to a work. However, such contributors cannot be the authors of the work unless they caused the work to come into being. One must translate an idea into a fixed, tangible expression in order to be the author of the work. Merely giving an idea to another does not make the giver an author of a work embodying that idea.

A copyright owner is entitled to exclude others from copying a joint work. A joint work is a work prepared by two or more authors. At the time of the joint work's creation, a joint work must have two or more authors, and:
(1) each author must have made a substantial and valuable contribution to the work;
(2) each author must have intended that his or her contribution be combined into inseparable or interdependent parts of a unitary whole; and

(3) each author must have contributed material to the joint work which could have been independently copyrighted.

Each author of a joint work shares an undivided interest in the entire joint work. A copyright owner in a joint work may enforce the right to exclude others in an action for copyright infringement.

In deciding whether parties intended their contributions to be combined in element 2, above, you may consider whether the parties signed a written agreement stating that the copyright in the work is to be jointly owned. If there is no such agreement, you may consider whether:

(1) each of the parties exercised control over the work.;

(2) each of the parties' actions showed they shared the intent to be co-authors when they were creating the work, for instance by publicly stating that the work was their shared project; and

(3) the audience-appeal of the work depends on the contribution of each party so that the share of each party's contribution to the work's success cannot be appraised.

In making a substantial and valuable contribution to a work, each author's contribution to the joint work need not be equal.

A written agreement stating the copyright in the work is to be jointly owned may show that each author of a joint work intended that his or her contribution be merged into inseparable or interdependent parts of a unitary whole.

In contributing material to the joint work that could have been independently copyrighted, each author's contribution should be entitled to copyright protection without the contributions by the other authors.

In this case, the Plaintiff does not claim to be the author of the copyrighted item at issue. Instead, the Plaintiff claims that it received the copyright by virtue of assignment from the work's author, creator, and initial owner (the law firm of Orrick, Herrington & Sutcliffe) so that the Plaintiff is now the assignee of the copyright.

A copyright owner may transfer, sell or convey to another person all or part of the owner's property interest in the copyright; that is, the right to exclude others from copying the work. The person to whom the copyright is transferred, sold or conveyed becomes the owner of the copyright in the work.

To be valid, the transfer, sale or conveyance must be in a writing signed by the transferor. The person to whom this right is transferred is called an assignee. The assignee may enforce this right to exclude others in an action for copyright infringement.

An original work may include or incorporate elements taken from prior works, works from the public domain, or works owned by others with the owner's permission. The original parts of the Plaintiff's work are the parts created:

(1) independently by the work's author, that is, the author did not copy it from another work; and

(2) by use of at least some minimal creativity.

In copyright law, the "original" part of a work need not be new or novel.

A copyright owner is entitled to exclude others from creating derivative works based on the owner's copyrighted work. The term "derivative work" refers to an item based on one or more pre-existing works in which the pre-existing work is recast, transformed, or adapted. Accordingly, the owner of a copyrighted work is entitled to exclude others from recasting, transforming, or adapting the copyrighted work without the owner's permission.

If the copyright owner exercises the right to create a derivative work based on the copyrighted work, this derivative work may also be copyrighted. Only what was newly created, such as editorial revisions, annotations, elaborations, or other modifications to the pre-existing work is considered to be the derivative work.

An owner is entitled to copyright protection of a compilation. A compilation is a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship.

The owner of a compilation may enforce the right to exclude others in an action for copyright infringement.

As noted above, Plaintiff has the burden of proving that the Defendant copied original elements from the Plaintiff's copyrighted work. Plaintiff may show the Defendant copied from the work by proving by a preponderance of the evidence that the Defendant had access to the Plaintiff's copyrighted work and that there are substantial similarities between the Defendant's work and original elements of the Plaintiff's work.

To establish "access" as required in the above instruction, Plaintiff must prove by a preponderance of the evidence that Defendant or whoever created the alleged infringing work for the Defendant had access to the Plaintiff's work. You may find that a Defendant had access to the Plaintiff's work if the defendant or whoever created the work owned by the defendant had a reasonable opportunity to view or read the Plaintiff's work before the Defendant's work was created.

As noted above, the Plaintiff may prove copying by establishing that the Defendant had access to Plaintiff's copyrighted work *and* that there are substantial similarities between the Defendant's work and the Plaintiff's copyrighted work. In determining whether Plaintiff has met its burden of showing that the Defendant's work is substantially similar to the copyrighted work, you must conduct a two-step analysis which has: (1) an extrinsic or objective component and (2) an intrinsic or subjective component. In both steps, you are to initially place the Plaintiff's copyrighted work and the Defendants' alleged infringing work side-by-side and compare them.

The extrinsic component requires an objective examination of the specific expressive elements in the protectable and material portions of Plaintiff's copyrighted work and a comparison of those elements with the language contained in Defendants' allegedly infringing work. Among the factors you may consider are: (1) the extent to which there is verbatim copying of portions of the copyrighted work, (2) whether there are similarities in the order in which the paragraphs or

concepts are presented, (3) does the alleged infringing work adopt unique terms or phrases first coined in the copyrighted work, etc.

In the intrinsic component, you are to decide whether a reasonable person reading the two documents would think that the Defendants' work and the copyrighted work are substantially similar. In making this determination, you should factor in the total concept and feel of the works.

If you find that Joel Wright ("Wright"), the law firm of Kirton McConkie PC ("Kirton") or any named Defendant infringed the Plaintiff's copyright in the Receivables Purchase Agreement, you must determine whether any of the other Defendants vicariously infringed that copyright. To establish such vicarious infringement, Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:
(1) the Defendant directly benefitted financially from the infringing activity of Wright, Kirton or the direct infringing Defendant;
(2) the Defendant had the right and ability to supervise or control the infringing activity of Wright, Kirton or the direct infringing Defendant; and
(3) the Defendant failed to exercise that right and ability.

If you find that the Plaintiff has proved each of these elements, your verdict should be for the Plaintiff if you also find that Wright, Kirton or the direct infringing Defendant actually infringed Plaintiff's copyright. If, on the other hand, the Plaintiff has failed to prove any of these elements, your verdict should be for the Defendant on the issue of vicariously infringing the copyrighted work.

A defendant may be liable for copyright infringement engaged in by another if he or it knew or had reason to know of the infringing activity and intentionally induced or materially contributed to that infringing activity.

If you find that Wright, Kirton or any named Defendant infringed the Plaintiff's copyrighted work, you must determine whether any of the other Defendants contributorily infringed that copyright. To establish such contributory infringement, Plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:
(1) the Defendant knew or had reason to known of the infringing activity of Wright, Kirton or the direct infringing Defendant; and
(2) the Defendant intentionally induced or materially contributed to Wright, Kirton or the direct infringing Defendant's infringing activity.

If you find that Wright, Kirton or the direct infringing Defendant actually infringed the Plaintiff's copyright and you also find that the Plaintiff has proved both of the above two elements as to any other Defendant, your verdict should be for the Plaintiff against that Defendant. If, on the other hand, the Plaintiff has failed to prove either or both of these elements, your verdict should be for the Defendant on the issue of contributorily infringing the copyrighted work.

C. Affirmative Defense

As noted above, copyright law only protects the expression of an idea not the idea itself. Therefore, if the idea is so unique that it can only be expressed in one way, it is said that the idea

has "merged" with its expression and hence, in that situation, the law does not provide any copyright protection to the expression because to do so would give the author a monopoly on the underlying idea itself.

Additionally, if the idea is somewhat unique in that the range of protectable ways of expressing it are narrow, copyright will only provide a "thin" level of protection so that the appropriate standard for copyright infringement in such a situation is "virtual identity" or virtually identical copying.

In order for a Defendant to establish the defense of "merger," he or it must prove by a preponderance of the evidence that:

(1) as to the portion(s) of the Receivables Purchase Agreement which Plaintiffs have proven were copied by Defendant's document(s), the idea(s) embodied in the portion(s) was (or were) so unique that the idea(s) could only be expressed in one way and, hence, there was no copyright protection as to the item(s) copied by the Defendant; and/or

(2) as to the portion(s) of the Receivables Purchase Agreement which Plaintiffs have proven were copied by Defendant's document(s), the idea(s) embodied in the portion(s) was (or were) so unique that the idea(s) could only be expressed in a very limited number of ways such that the copyright protection as to the portion(s) was (or were) "thin" *and* Plaintiff has failed to show that the Defendant engaged in virtual identical copying of the portion(s) of the Plaintiff's copyrighted work.

D. <u>Damages</u>

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff on its copyright infringement claim, you must determine its damages. Plaintiff has the burden of proving damages by a preponderance of the evidence.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Under applicable law, the copyright owner is entitled to recover as "damages" any profits of the defendant attributable to the infringement.

You may make an award of the defendant's profits only if you find that the plaintiff showed a causal relationship or nexus between the infringement and the defendant's gross revenue.

The defendant's profit is determined by deducting all expenses from the defendant's gross revenue.

The defendant's gross revenue is all of the defendant's receipts from the use of a work containing or using the copyrighted work or associated with the infringement. The plaintiff has the burden of proving the defendant's gross revenue by a preponderance of the evidence.

Expenses are all operating costs overhead costs and production costs incurred in producing the defendant's gross revenue. The defendant has the burden of proving the defendant's expenses by a preponderance of the evidence.

Unless you find that a portion of the profit from the use of a work containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement. The defendant has the burden of proving the portion or percentage of the profit, if any, attributable to factors other than copying or infringing the copyrighted work.

Each Defendant is only liable for the Defendant's own illegal profits.

## IV. Concluding Instructions

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.
You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.
Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.
It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:
Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.
Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved – including the parties, the

witnesses or the lawyers – until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

A verdict form has been prepared for you. Follow the instructions on the form with care. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

You will be permitted to separate at the recesses. During your absence, the courtroom may be locked, although you can get access to the jury room. During any recess, you are not to talk about the case with anyone, and you are not to deliberate until all eight of you are back together in the jury room. While you are in deliberations, the starting time each morning will be 8:45 a.m. and the stopping time will be 5:00 p.m.