UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

THE HON. JUDGE GEORGE WU, JUDGE PRESIDING

CHARTER SCHOOL CAPITAL, INC.,   )
                                )
            Plaintiff,          )
                                )
     vs.                        ) NO. 14-CV-3385-GW
                                )
CHARTER ASSET MANAGEMENT FUND, LP, )
et al.,                         )
                                )
            Defendant.          )
_____)


JURY TRIAL - DAY 8

Los Angeles, California

Tuesday, August 23, 2016



LISA M. GONZALEZ, CSR No. 5920, CCRR
U.S. District Courthouse
312 North Spring Street - Room 438
Los Angeles, California 90012
213.894.2979; www.lisamariecsr.com

```
 1  APPEARANCES:

 2


 3  FOR THE PLAINTIFF:    LATHAM & WATKINS
                          BY:  RUSSELL F. SAUER, ESQ.
 4                             JAMES H. MOON, ESQ.
                          355 South Grand Avenue
 5                        Los Angeles, California  90071
                          (213) 485-1234
 6


 7
    FOR THE DEFENDANTS:   SAUER & WAGNER LLP
 8                        BY:  GERALD L. SAUER, ESQ.
                          and  AMIR A. TORKAMANI, ESQ.
 9                        1801 Century Park East
                          Suite 1150
10                        Los Angeles, California 90067
                          (310) 712-8100
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1      Los Angeles, California; Tuesday, August 23, 2016
2                         2:05 P.M.
3                          -oOo-
4          THE COURT:  Let me ask counsel, apparently the
5  jury has a verdict.
6          Is there anything I should do before I bring the
7  jury out?
8          MR. G. SAUER:  No, Your Honor.
9          MR. R. SAUER:  No, Your Honor, I don't think so.
10         THE COURT:  All right.  Let me have the clerk
11 bring in the jury.
12                      (Jury in.)
13         THE COURT:  All right.  Let me ask the jury, have
14 you selected a foreperson?  And the foreperson is?  And may
15 I ask the foreperson:  Has the jury reached a verdict in
16 this matter?
17         THE FOREPERSON:  Yes, we have.
18         THE COURT:  Let me ask you to pass the verdict
19 form to my clerk.
20             (Pause in the proceedings.)
21         THE COURT:  All right.  Let me have the clerk read
22 the verdict.
23         THE CLERK:  United States District Court for the
24 Central District of California, CV-14-3385, Charter School
25 Capital, Inc., versus Charter Asset Management Fund, LP,

```
                                                                4
 1   et al.
 2                        Special Verdict Form
 3
 4          "We, the jury, answer the questions submitted to
 5   us as follows:
 6          "1.  Does plaintiff Charter School Capital, Inc.,
 7   own a valid copyright to the Receivables Purchase Agreement
 8   that it claims was infringed by defendants?
 9          "The answer is Yes.
10          "2.  Did CSC prove by a preponderance of the
11   evidence that one or more of the defendants is liable for
12   copyright infringement?
13          "The answer is Yes.
14          "If you answered Yes, proceed to Question Number
15   3.
16          "3.  Which of the defendants did CSC prove is
17   liable for copyright infringement?
18          "As to defendant Charter Asset Management, LLC,
19   that defendant is not liable.
20          "Charter Asset Management Fund, LP, is liable.
21          "Charter Asset Management Fund GP, LLC, is liable.
22          "Paul Im is liable; and David Park is liable.
23          "Proceed to Question 4.
24          "4.  Did Joel Wright or Kirton McConkie commit an
25   act of copyright infringement?
```

```
 1              "The answer is Yes.
 2              "If you answered Yes to Question 4, proceed to
 3   Question 5.
 4              "5.   Which of the defendants did CSC prove is
 5   liable for contributory or vicarious copyright infringement?
 6              "Charter Asset Management, LLC, is not liable.
 7              "Charter Asset Management Fund, LP, is liable.
 8              "Charter Asset Management GP, LLC, is liable.
 9              "Paul Im is liable; and David Park is liable.
10              "Proceed to Question 6a.
11              "6a.   Have defendants established by a
12   preponderance of the evidence that as to the portions of the
13   Receivables Purchase Agreement that plaintiff has proven
14   were copied by defendant, the ideas embodied in the portions
15   were so unique that the ideas could only be expressed in one
16   way?
17              "The answer is No.
18              "6b.   Have defendants established by a
19   preponderance of the evidence that as to the portions of the
20   Receivables Purchase Agreement that plaintiff has proven
21   were copied by defendant, the ideas embodied and the
22   portions were so unique that the ideas could only be
23   expressed in a very limited number of ways, and plaintiff
24   has failed to show that the defendants engaged in virtual
25   identical copying of the portions of the plaintiff's
```

```
 1  copyrighted work?
 2          "The answer is No.
 3          "7.  For the defendants found liable above, what
 4  were the profits, i.e., gross revenue minus deductible
 5  expenses, earned as a result of their infringement of CSC's
 6  document?
 7          "As to Charter Asset Management, LLC, Zero profit.
 8          "As to Charter Asset Management Fund, LP, $961,321
 9  in profit.
10          "As to Charter Asset Management Fund GP, LLC,
11  $213,321.
12          "As to Paul Im, $154,000.
13          "And as to David Park, $396,000."
14          Signed and dated August 23, 2016, by the presiding
15  jury.
16          Ladies and gentlemen of the jury, is the verdict
17  as presented and read the verdict of each of you, so say you
18  all?
19          (Affirmative responses en masse.)
20          THE COURT:  Let me ask counsel, do either side
21  wish to have the jury polled?
22          MR. R. SAUER:  Not by the plaintiff, Your Honor.
23          MR. G. SAUER:  Certainly, Your Honor.
24          THE COURT:  Is that "yes"?
25          MR. G. SAUER:  Yes.
```

1  THE COURT: Ladies and gentlemen, what I'm going
2 to do is this: I'm going to make a copy of the verdict
3 form, so that each of you will have it in front of you. So
4 when I ask you: "Is this your verdict?" you can let me know
5 if it is or not, because these -- they're very, very --
6 well, let's put it this way, there are a lot of questions on
7 here. So if you wait just one second, my clerk will make a
8 copy of this for you.
9  (Pause in the proceedings.)
10  THE COURT: How was lunch? Was it good? All
11 right.
12  All right. Ladies and gentlemen, what I'm going
13 to be asking each of you is whether or not the verdict that
14 is indicated on the verdict form was, in fact, your verdict;
15 and if it was your verdict, what I want you to do is to
16 raise your hand and that will indicate to me it was your
17 verdict.
18  In other words, you're answering Yes to that
19 question, and then I'll note for the record whether or not
20 any jurors answered No to the question or was the verdict
21 unanimous.
22  Do all of you understand that?
23  As to the first question, the question was: Does
24 plaintiff Charter School Capital, Inc., own a valid
25 copyright to the Receivables Purchase Agreement that it

```
 1  claims was infringed by defendants?
 2          Let me ask the jurors, if your answer to that
 3  question was Yes, please raise your hand.
 4          Unanimous verdict.
 5          Number 2, did CSC prove by a preponderance of the
 6  evidence that one or more of the defendants is liable for
 7  copyright infringement?
 8          If you answered Yes to that question, please raise
 9  your hand.
10          And again a unanimous verdict.
11          Next question is:  Which of the defendants did CSC
12  prove is liable for copyright infringement?
13          As to Charter Asset Management, LLC, the verdict
14  form indicates that the jury found that it is not liable.
15          If not liable was your verdict as to that
16  defendant, please raise your hand.
17          Again, unanimous.
18          Then, as to the other defendants that are listed,
19  Charter Asset Management Fund LP; Charter Asset Management
20  Fund GP, LLC; Paul Im; and David Park, the verdict form
21  indicates that the jury indicated that each of those four
22  defendants was liable.
23          Ladies and gentlemen, if that was your verdict,
24  please raise your hand.
25          Again, unanimous.
```

1           The next question is:  Did Joel Wright or Kirton
2  McConkie commit an act of copyright infringement?
3           The answer to that question as indicated in the
4  verdict form is Yes.
5           If that was your answer, please raise your hand.
6           Again, unanimous.
7           The next question is:  Which of the defendants did
8  CSC prove is liable for contributory or vicarious copyright
9  infringement?
10           The verdict form indicates that Charter Asset
11  Management, LLC, was determined not to be liable for
12  contributory or vicarious copyright infringement.
13           If that was your verdict, please raise your hand,
14  ladies and gentlemen.
15           Again, unanimous.
16           Also, on that question, the verdict form indicates
17  that as to the four remaining defendants:  Charter Asset
18  Management Fund, LP; Charter Asset Management Fund GP, LLC;
19  Paul Im; and David Park; that those four defendants are
20  liable for contributory or vicarious copyright infringement.
21           If that was your verdict, ladies and gentlemen,
22  please raise your hand.
23           Again, unanimous.
24           And then the next question is:  Have the
25  defendants established by a preponderance of the evidence

1  that as to the portions of the Receivables Purchase
2  Agreement that plaintiff has proven were copied by
3  defendant, the ideas embodied in the portions were so unique
4  that the ideas could only be expressed in one way.
5          Ladies and gentlemen, if your answer to that
6  question was No, please raise your hand.
7          Okay.  Again, unanimous.
8          And, then, the next question is:  Have defendants
9  established by a preponderance of the evidence that as to
10 portions of the Receivables Purchase Agreement that
11 plaintiff has proven were copied by defendant, the ideas
12 embodied in the portions were so unique that the ideas could
13 only be expressed in a very limited number of ways, and
14 plaintiff has failed to show that the defendants engaged in
15 virtual identical copying of the portions of the plaintiff's
16 copyrighted work?
17         Ladies and gentlemen, if the answer to that
18 question was No on your part, please raise your hand.
19         Again, a unanimous verdict.
20         The next question asks for the defendants found
21 liable above, what were the profits, i.e, the gross revenue
22 minus deductible expenses, earned as a result of their
23 infringement of CSC's document?
24         As to Charter Asset Management, LLC, the amount is
25 zero.

```
 1              Ladies and gentlemen, if that was your verdict,
 2  please raise your hand.
 3              Okay.  Unanimous.
 4              The next is Charter Asset Management Fund, LP, the
 5  dollar figure is $961,321.
 6              If that was your verdict, ladies and gentlemen,
 7  please raise your hand.
 8              Again, unanimous.
 9              As to Charter Asset Management Fund GP, LLC, the
10  amount is $213,321.
11              Ladies and gentlemen, if that was your verdict,
12  please raise your hand.
13              All right.  Again, unanimous.
14              As to Paul Im, the amount is $154,000.
15              If that was your verdict, please raise your hand.
16              Again, unanimous.
17              And last, as to David Park, the amount is
18  $396,000.
19              If that was your verdict, ladies and gentlemen,
20  please raise your hand.
21              Okay.  Again, unanimous.
22              Thank you.  At this point in time, let me have the
23  clerk record the verdict.
24              At this point in time, ladies and gentlemen, I'm
25  going to be releasing you in just a moment, but before I do,
```

1   let me tell you a couple things.

2           First of all, thank you very much for serving as
3   jurors in this case.  This was a somewhat complicated case
4   and I appreciate very much your hard work on this case.
5   And, you know, sometimes it's very difficult for me to make
6   decisions, things of that sort, that's the reason why I'm
7   always personally happy that I get the assistance of jurors
8   such as yourselves when it comes time to making these types
9   of decisions.

10          Now, originally I told you that you were not to
11  talk about this case with anyone.  At this point in time,
12  I'm going to lift that restriction from you.

13          In other words, you are free to talk about this
14  case with anyone you so desire.  You're equally free not to
15  talk about this case with anyone.  It's entirely up to you.

16          But just two things, first of all, after about two
17  minutes after I release you, I'm going to be releasing the
18  attorneys and the attorneys might want to talk to you.
19  There's no problem with you talking with the attorneys if
20  you so desire.  If you don't want to talk to them, that's
21  also fine too; but sometimes I find that it helps attorneys
22  to talk to jurors because they can get a sense of what you
23  thought that they did that was particularly effective or not
24  effective that will assist them later on in other cases, in
25  addition to this case as well.

1                So if you don't mind talking to the attorneys just
2   be outside in the hallway and, as I said, I will excuse them
3   about two minutes after I excuse you.
4                Also, if you could do the court a favor and -- you
5   can leave your jury instruction, things like that on the
6   table in the jury room, that's not going to be a problem,
7   but if you can tear out your notes, if you took any notes,
8   from your notebooks and just keep them with you or else just
9   toss them in the nearest trash can so that people won't be
10  able to read those notes.
11               One last thing about talking to people about this
12  case.  Obviously everybody has a unique sense of humor and
13  sometimes somebody may ask you about something that happened
14  during the course of a trial and you may give a flippant
15  answer.  Let me just caution you in that regard in one
16  sense, because I always say to jurors, never say something
17  about the case that you would be embarrassed about reading
18  about it in the newspaper the next day, if it happened to be
19  in the newspaper -- not that it ever would, but who knows,
20  sometimes these things do turn up in the newspaper the next
21  day.
22               So -- you know, you're free to talk about the case
23  as much as you want, but just have a little bit of
24  discretion in terms of what you say in the sense that
25  sometimes you may say something that you intend to be funny

1  but somebody may interpret it in an entirely different way.
2  So let me just caution you in that regard.
3         Also, for those of you who need anything from the
4  jury room, for example, from your employer or something of
5  that sort, just go up to the jury room and they will provide
6  you with whatever you need for your employer.
7         Also, you can turn in your jury badges at that
8  point in time.
9         Now, let me ask, do any of you have any questions
10 at this point?
11        Nothing.  All right.  I was going to tell you what
12 the next lottery numbers are going to be, but you didn't
13 answer that one so I guess I won't be able to tell you.
14        Once again, ladies and gentlemen, let me thank you
15 very much for serving as jurors on this case.  I do
16 appreciate it very much and hopefully it was a learning
17 experience for you all as well.  Okay.  Thank you.
18        (Jury discharged.)
19        THE COURT:  All right.  Let me ask plaintiff's
20 counsel, are you going to prepare a judgment for the court?
21        MR. R. SAUER:  We will prepare a judgment,
22 Your Honor.
23        THE COURT:  All right.  Should I be doing anything
24 else at this point in time?
25        MR. R. SAUER:  I'd like your lottery winning

1  numbers.
2          THE COURT: I'm not going to give them to you.
3          MR. G. SAUER: We'll be renewing our motion
4  obviously.
5          THE COURT: But I presume you'll be doing it in
6  writing. In other words, all motions will be done in
7  writing.
8          In other words, what I expect is that the
9  plaintiff's counsel prepare a proposed judgment, and once I
10 sign off on it that triggers the time for any post-judgment
11 motions.
12         MR. G. SAUER: Is the judgment entered first or is
13 it after the post trial?
14         THE COURT: I usually, I would think -- well, I'm
15 not going to give you legal advice --
16         MR. G. SAUER: No, I'm asking your timing --
17         THE COURT: What I would do, once I get a proposed
18 judgment, I would sign off on the proposed judgment within
19 24 hours of once I get it. I presume you're going to show
20 obviously the defense counsel a copy of the judgment,
21 proposed judgment, before he sends it to me. And so if you
22 have a problem with it, you can notify me at that point in
23 time. But as I said, I'll probably sign off on it within 24
24 hours of getting it, and that would start triggering any
25 post-trial motions that the parties want to file.

```
 1             MR. G. SAUER:  Thank you, Your Honor.
 2             THE COURT:  All right.  Thank you very much.  And
 3  it was, you know, what can I say?
 4             MR. G. SAUER:  Thank you, Your Honor.
 5             MR. R. SAUER:  Thank you, Your Honor.
 6             THE COURT:  Last thing.  Let me indicate, defense
 7  counsel, who's going to take care of the exhibits?
 8             MR. G. SAUER:  I think we're happy to take custody
 9  of them.
10             THE COURT:  Okay.  Not a problem.
11             MR. G. SAUER:  You mean the ones that went into
12  the jury room?
13             THE COURT:  Yeah, the ones that go into the jury
14  room.  No, each side keep their own copy, but the ones that
15  actually went into the jury room, I presume --
16             MR. R. SAUER:  I don't particularly care.
17             THE COURT:  Let's have the defense keep it because
18  I thought you said some of the stuff was confidential, so
19  why don't you keep them.
20             *(Thereupon, proceedings adjourned)*
21
22                           *-oOo-*
23
24
25
```

```
 1
 2
 3
 4
 5                        CERTIFICATE
 6
 7       I hereby certify that pursuant to Section 753,
 8  Title 28, United States Code, the foregoing is a true and
 9  correct transcript of the stenographically reported
10  proceedings held in the above-entitled matter and that the
11  transcript format is in conformance with the regulations of
12  the Judicial Conference of the United States.
13
14  Date:  August 31, 2016
15
16                                   Lisa M. Gonzalez
                                 /s/_____
17                               Lisa M. Gonzalez, U.S. Court Reporter
                                 CSR No. 5920
18
19
20
21
22
23
24
25
```